Parker, J.
When this objection was made at the trial, I over ruled it, but not without doubts then existing in my mind. I am now satisfied that this evidence ought not to have gone to the jury. It appears, by the return on this execution, that two of the appraisers were appointed by the officer, who does not show that the debtor refused to choose one. It ought to appear that the debtor had an . opportunity to choose one. On this ground, I am of opinion that there ought to be a new trial.
Sewall, J., of the same opinion.
Parsons, C. J.
My mind is satisfied on this question. At the common law, land is not liable to execution. This being wholly a *150 provision of a «fatuto, the proceedings ought substantially to pursue the statute. The act of 6 Geo. 2, c. 2, by force of which this execution was levied, directs the officer to cause three indifferent and discreet freeholders to appraise the land on oath. Of these appraisers the creditor is to choose one, the debtor one, if he see cause, and the officer the third. If the debtor does not see cause to appoint an appraiser, the duty necessarily devolves on the officer, or he cannot cause the land to be appraised by three appraisers. But here is nothing shown to authorize the officer to appoint two •of the appraisers. It does not appear that the debtor had the option given him by law, as the officer does not return that the debtor did not see cause to choose an appraiser. The objection is fatal. The execution ought not to have been given in evidence, because the judgment creditor derived no title to the land by the levy. (a)

New trial granted

 Whitman vs. Tyler & Al. 8 Mass. Rep. 284.